UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Alexander Lanza,

        Plaintiff,                           C.A. No.:

    -against-                          DEMAND FOR JURY TRIAL

Experian Information Solutions, Inc.;
BMW Financial Services NA, LLC,

        Defendant(s).
-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Alexander Lanza ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant BMW Financial Services NA, LLC ("BMW"); respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

### PARTIES

4. Plaintiff is a resident of the State of Georgia in the County of Houston.

1

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in the State of Georgia and may be served with process upon CT Corporation System, its registered agent for service of process, located at 289 S. Culver St., Lawrenceville, Georgia 30046.

8. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a(p).

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant BMW Financial Services NA, LLC, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

11. BMW can be served c/o CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA, 30046.

## 12. FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. Plaintiff entered into an agreement with BMW to finance the purchase of a motor vehicle (account number: 10041xxxx, hereinafter referred to as the "Account").

15. In 2022, the automobile suffered total loss.

16. After the insurance payment Plaintiff still owed approximately $2,700.00 to BMW.

17. As a result of the subsequent maintenance cancellation, BMW owed approximately $2,650.00 to Plaintiff.

18. Plaintiff understood that his $2,700.00 debt to BMW would offset BMW's debt Plaintiff, effectively canceling each other out.

19. As a result, no additional payment to BMW was necessary.

20. BMW, in error, refunded from the maintenance cancellation the incorrect amount of $1,039.00 out of the $2,650.00.

21. On or about March 6, 2024, BMW conceded in writing to the Plaintiff (hereinafter referred to as "Concession"), that

    a. BMW erred in charging and reporting the Plaintiff as making late payments for September and October 2024;

    b. BMW should have issued the full refund of $2,650.00 on November 15, 2022; and

    c. the discrepancy resulted in the two missed payments being reported on Plaintiff's credit report.

22. Plaintiff's alleged "missed" payments were reported on Plaintiff's Experian Credit Report dated May 1, 2024.

23. Plaintiff was wrongfully charged by BMW and the information reported by BMW to Experian was inaccurate.

3

24. On or around May 1, 2024, Plaintiff sent a written dispute to Experian ("Dispute"), disputing Experian's inaccurate reporting of the Account on Plaintiff's May 1, 2024 Experian Credit Report.

25. Included in Plaintiff's Dispute, Plaintiff attached BMW's Concession, thereby giving Experian all the information needed to ascertain that the any late payments marked on the account were an error.

26. Upon information and belief, Experian notified BMW of the Plaintiff's dispute regarding the account.

27. Upon receipt of Plaintiff's letter from Experian, BMW failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

28. Had BMW done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to BMW that the Account was inaccurately reported.

29. Moreover, BMW had expressly conceded in writing its acknowledgement of the inaccurate reporting and should have previously corrected the incorrect negative information.

30. Despite Plaintiff's dispute that the information on his consumer reports was inaccurate with respect to the disputed Account as well as receiving BMW's Concession of the inaccurate reporting, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

31. Experian violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed Account within 30 days of receiving Plaintiff's dispute letter.

32. On Plaintiff's Experian Credit Report dated July 10, 2024, Experian reported the Plaintiff's late payments for the same BMW account and in fact added a third late payment for the month of October 2023.

33. Experian failed to remove the late payments from the account within thirty days after Plaintiff's dispute and thus expressly violated 15 U.S.C. § 1681i *et seq.*

34. Despite BMW's concession to Plaintiff that no late payments were made, BMW continued to report Plaintiff's late payments, even after Plaintiff's dispute, in violation of 15 U.S.C. § 1681s-2.

35. Notwithstanding Plaintiff's efforts, Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

36. Both Experian and BMW knew the information was inaccurate.

37. Whenever Experian prepares a consumer report, they are required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.

38. Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's account.

39. Further, Experian failed to correct Plaintiff's Experian Credit Report within 30 days of Plaintiff's dispute.

40. BMW continued to substantiate the late payments reported by Experian, even after Plaintiff's dispute.

41. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

42. Plaintiff has no collections account for this debt as it has already been paid as Plaintiff has explicitly disputed.

43. Having a collections account and multiple late payments on a credit report adversely impacts a consumer's creditworthiness and ability to secure credit.

44. This inaccurate information on Plaintiff's credit report has negatively affected his credit score.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of credit denial, loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Experian)**

47. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

48. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

49. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

50. Further, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed late payments within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

51. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   d) The contractual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   f) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g) The failure to provide notice of a dispute to the Furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher in response to a dispute.

52. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alexander Lanza, an individual, demands judgement in his favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

57. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

58. Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

59. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    c. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    d. The contractual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    f. The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g. The failure to provide notice of a dispute to the Furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher in response to a dispute.

60. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alexander Lanza, an individual, demands judgement in his favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violations of the FCRA as to BMW)

63. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

64. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

65. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

66. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

67. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

69. The furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. The furnisher continued to report this account on the Plaintiff's credit report after being notified of his dispute(s) regarding the Account as described above.

71. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

72. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

73. In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violations of the FCRA as to BMW)**

75. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

76. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

77. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

79. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

80. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

81. The furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

82. The furnisher continued to report this account on the Plaintiff's credit report after being notified of his dispute(s) regarding the Account as described above.

83. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

84. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681o.

85. In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

86. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

87. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 30, 2024                                Respectfully Submitted,

s/ *Misty Oaks Paxton*
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*

/s/Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC
One University Plaza
Hackensack, NJ 07601
P. (201) 282-6500 ext 143
F. (201) 282-6501
jcohen@steinsakslegal.com
MOTION FOR PRO HAC VICE TO BE FILED

*Attorney for Plaintiff*